**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BEN ORLANDO MARTIN,

               Plaintiff,

      v.

M.D. STAINER et al.,

             Defendants.

_____

) No. CV-16-8581 GW (AS)
)
) **ORDER DISMISSING FIRST AMENDED**
)
) **COMPLAINT IN PART WITH LEAVE TO**
)
) **AMEND**
)
)
)

**INTRODUCTION**

On November 17, 2016, Plaintiff Ben Orlando Martin, an inmate at the California State Prison, Los Angeles County ("CSP-LAC"), proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (Docket Entry No. 1). On January 18, 2017, the Court screened and dismissed the Complaint with leave to amend as prescribed by 28 U.S.C. § 1915A(b).[1] (Docket Entry No. 7). On March 24, 2017, Plaintiff filed his First Amended Complaint ("FAC") (Docket Entry No. 11).

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval from the district judge. <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

1

The Court has screened the FAC as prescribed by 28 U.S.C. § 1915A. For the reasons discussed below, the Court DISMISSES the FAC-IN-PART WITH LEAVE TO AMEND.

**ALLEGATIONS OF THE COMPLAINT**

The FAC alleges claims for unlawful retaliation and deliberate indifference to serious medical needs as well as potential claims for failure to protect and violation of state prison procedures. (FAC at 8-9).[2] The FAC names three defendants in their individual capacity: "medical health care official D.O." Kang Hak Lee, "medical health care official registered nurse" K. Johnson, and CSP-LAC Warden Debbie Asuncion. (Id. at 3). The FAC seeks $250,000 in compensatory damages, $250,000 in punitive damages, (id. at 33), and an injunction against Asuncion, the California Department of Corrections and Rehabilitation, and CSP-LAC's health care officials prohibiting further retaliation and mandating Plaintiff's medical treatment at no cost, placing Plaintiff in a single-inmate cell, and transferring Plaintiff to an alternative correctional facility, (id. at 31-32).

**A. Lee And Johnson**

**1. January 14, 2016**

On January 14, 2016, Plaintiff, a former prisoner at High Desert State Prison, was assisted to the pill call counter by an "(ADA)

_____

[2] All page references correspond with the pagination provided by the Court's electronic docket.

2

assistant." (Id. at 14). Plaintiff asked the nurse when he would receive a wheelchair and explained that extreme pain and swelling prevented him from using a walker to ambulate. (Id.). Defendant Lee approached the counter "in a fit of rage" and started "screaming out Plaintiff[']s medical condition, including the treatment Plaintiff is under and medications currently being administered." (Id.). Lee stated that he was aware that Plaintiff, a former inmate at High Desert State Prison, had been a part of the investigation into High Desert's medical practices. (Id. at 15). Lee accused Plaintiff of not requiring a wheelchair, stated that he did not want to see Plaintiff in another wheelchair, and threatened to fire any prison assistant who transported Plaintiff in a wheelchair. (Id.). Lee also told Plaintiff to "forget about" his pain management medication because Plaintiff was a whistleblower and that his future medical requests would "get lost in the trash." (Id. at 16).

One day prior to this incident, Lee also "scream[ed]" out Plaintiff's privileged medical information. (Id. at 18). Johnson stood behind Lee "laughing and making light of a situation that[']s clearly in violation of Plaintiff[']s (HIPAA) rights." (Id.).

**2. January 29, 2016**

On January 29, 2016, Plaintiff's foot and leg were swollen to one-third larger than their normal size. (Id.). The swelling was due to Plaintiff's use of his walker "which was causing the swelling in Plaintiff[']s entire right side because of the excess walking." (Id. at 22). Plaintiff showed the swelling to Lee and expressed concern that using a walker was making the swelling worse. (Id. at

3

18). Lee informed Plaintiff that he would treat Plaintiff after he saw two other patients. (Id.).

After Lee had finished with the two patients and other patients began appearing, Plaintiff asked Johnson when Lee would see him. (Id. at 19). Plaintiff informed Johnson that he was in tremendous pain and the swelling was getting worse. (Id.). Johnson informed Plaintiff that it was not his turn and made a joke about Plaintiff's pain. (Id.). After waiting two hours and twenty minutes, Plaintiff again asked Johnson if Lee would treat him because Plaintiff was in tremendous pain. (Id.). Johnson informed Plaintiff that Lee was going home and Plaintiff should "suck it up and act like a man." (Id.). Johnson laughed and gave Lee and other nurses "high five[s]." (Id.).

Before Plaintiff left the medical yard, Johnson again denied Plaintiff's request to see Lee and for pain medication. (Id.). Johnson, like Lee, observed the swelling in Plaintiff's foot and leg, but nonetheless denied him treatment. (Id. at 20, 18).

Plaintiff alleges that Lee's and Johnson's failure to treat him "resulted in further significant injury." (Id. at 21). Lee's and Johnson's actions "emphasized physical harm, or the risk of it." (Id. (emphasis added)). The "unsafe conditions" have "'pose[d] an unreasonable risk of serious damage to Plaintiff[']s future health' and violates [the] Eighth Amendment even if the damages ha[ve] not yet occurred." (Id. (emphasis added)). Plaintiff also alleges that Lee's and Johnson's actions resulted in "unnecessary and wanton infliction of pain." (Id.).

4

After Lee and Johnson denied him treatment, Plaintiff went on a five-day hunger strike. (Id. at 23). The hunger strike ended after five days when a prison lieutenant provided Plaintiff with a temporary wheelchair. (Id.). Plaintiff used this temporary wheelchair until he was permanently assigned a wheelchair on February 25, 2016. (Id.). Lee altered medical documentation to indicate that it was he who had provided Plaintiff with the wheelchair when it actually was the lieutenant who had provided Plaintiff with the wheelchair. (Id.).

**3. April 15, 2016**

On April 15, 2016, Lee called Plaintiff into his office to discuss Plaintiff's chronic obstructive pulmonary disorder. (Id.). Plaintiff asked Lee when Plaintiff would receive surgery for his hip. (Id.). Lee indicated that he would not recommend surgery "because it cost[s] to[o] much," and Plaintiff was "not worth it." (Id.). Lee explained that Plaintiff was an informant and Lee would teach Plaintiff a "hard lesson" by ensuring that Plaintiff did not receive his surgery. (Id.). Plaintiff nonetheless received his corrective surgery, a right hip arthroscopy with labral repair, on August 17, 2016. (Id. at 23-24).

Since his surgery, Plaintiff has not received one session of physical therapy. (Id. at 24). For at least 78 days, Plaintiff has remained confined to a wheelchair with no medical treatment or efforts to restore Plaintiff's ability to walk. (Id.).

**B.    Asuncion**

Asuncion failed to get medical care for Plaintiff despite knowing that Plaintiff had filed requests for medical care that were directed to Asuncion.  (Id. at 30).  Asuncion also knew that Plaintiff had gone on a hunger strike.  (Id.).

Further, Plaintiff has been "physically assaulted and threatened with violence more times than whats outlined in the Plaintiff[']s complaint."  (Id.).  Plaintiff "feels his life is in imminent danger of serious physical injury, because Warden Debbie Asuncion[']s continuous actions of retaliation, and putting Plaintiff in situations where the alternative to violence is more violence committed against the Plaintiff."  (Id.).

Plaintiff is confined to a wheelchair and cannot defend himself against attacks by the administration or its inmates.  (Id.).  Plaintiff is "completely vulnerable against the retaliation of Warden Asuncion and her administration."  (Id.).

**STANDARD OF REVIEW**

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from governmental entities or employees.  28 U.S.C. § 1915A(b).  A court may dismiss such a complaint, or any portion thereof, before service of process, if that court concludes that the complaint (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915A(b)(1)-(2); <u>see also</u> <u>Lopez v.</u>
<u>Smith</u>, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

Dismissal for failure to state a claim is appropriate if a complaint fails to proffer "enough facts to state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678; <u>see also</u> <u>Hartmann v. Cal. Dep't of Corr. &</u> <u>Rehab.</u>, 707 F.3d 1114, 1122 (9th Cir. 2013). A plaintiff must provide "more than labels and conclusions" or a "formulaic recitation of the elements" of his claim. <u>Twombly</u>, 550 U.S. at 555; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678. However, "[s]pecific facts are not necessary; the [complaint] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (<u>per curiam</u>) (quoting <u>Twombly</u>, 550 U.S. at 555).

In considering whether to dismiss a complaint, a court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001). Moreover, *pro se* pleadings are "to be liberally construed" and held to a less stringent standard than those drafted by a lawyer. <u>Erickson</u>, 551 U.S. at 94; <u>see also</u> <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) ("<u>Iqbal</u> incorporated the <u>Twombly</u> pleading standard and <u>Twombly</u> did not alter

courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under _Iqbal_."). Nevertheless, dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. _Mendiondo v. Centinela Hosp. Med. Ctr._, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. _Franklin v. Murphy_, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**DISCUSSION**

**A.** **The FAC's Failure To Protect and State Law Claims Violate Rule 8**

A "pro se litigant is not excused from knowing the most basic pleading requirements." _American Ass'n of Naturopathic Physicians v. Hayhurst_, 227 F.3d 1104, 1107-08 (9th Cir. 2000). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" _Dura Pharm., Inc. v. Broudo_, 544 U.S. 336, 346 (2005) (citation omitted); _see also_ _Jones v. Cmty. Redevelopment Agency_, 733 F.2d 646, 649 (9th Cir. 1984).

To do so, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief." <u>Twombly</u>, 550 U.S. at 555 n.3. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> at 555 (citation omitted); <u>see also</u> <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011). Thus, if a plaintiff fails clearly to set forth allegations sufficient to provide defendants with notice of which defendant is being sued on what theory and what relief is being sought against which defendant, the complaint fails to comply with Rule 8. <u>See, e.g.</u>, <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177-79 (9th Cir. 1996); <u>Nevijel v. Northcoast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981); <u>see also</u> <u>Bautista v. Los Angeles Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000) (citations omitted). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if a court determines that the claims in the complaint are not wholly without merit. <u>McHenry</u>, 84 F.3d at 1179; <u>Nevijel</u>, 651 F.2d at 673.

Here, Plaintiff's FAC does not contain allegations that provide defendants with notice of the nature of the failure to protect or violation of state prison procedures claim. While the FAC refers to these claims in the "Introduction" as two of four claims alleged, (FAC at 8), the body of the FAC identifies only two causes of action: a First Amendment retaliation claim ("First Cause of Action") and an Eighth Amendment inadequate medical care claim ("Second Cause of Action"), (<u>id.</u> at 26, 29). Similarly, the FAC provides only a "Statement of Facts To Claim I" and a "Statement of Facts to Claim

II," but no designated statements of facts for a failure to protect or state law claim. (Id. at 14-24). For example, the FAC contains no indication whether Plaintiff asserts a failure to protect claim against Lee and/or Johnson, and if so, what facts support this claim. Accordingly, Lee and Johnson have no fair notice of a failure to protect claim or the grounds upon which it rests. While Plaintiff alleges that Asuncion failed to protect him in the FAC's factual allegations supporting Plaintiff's inadequate medical care claim, this allegation is not sufficient to place Asuncion on notice of the facts that form the basis of any failure to protect claim.

To state a failure to protect claim, a plaintiff first must "'objectively show that he was deprived of something "sufficiently serious".'" Lemire v. Cal. Dep't of Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013) (quoting Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the plaintiff must allege that the prison official acted with deliberate indifference to the plaintiff's safety. Farmer, 511 U.S. at 834; Lemire, 726 F.3d at 1074. The official must know of, and disregard, an excessive risk to inmate health or safety – i.e., must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and also draw the inference. Farmer, 511 U.S. at 837. Third, the plaintiff must plausibly allege that the official's actions were an actual and proximate cause of the plaintiff's injuries. Id. (citation omitted).

Here, Plaintiff alleges only that he has been "physically assaulted and threatened with violence" on multiple occasions and that his life is in "imminent danger of serious physical injury, because Warden Debbie Asuncion[']s continuous actions of retaliation, and putting Plaintiff in situations where the alternative to violence is more violence committed against the Plaintiff." (FAC at 24). These allegations fail to inform Asuncion of what alleged retaliatory "continuous actions" she committed or how she allegedly "put[]" Plaintiff in dangerous situations. Plaintiff also fails to allege any fact establishing whether Plaintiff suffered a "sufficiently serious" deprivation, whether Asuncion's acts or omissions were the proximate cause of that harm, and whether Asuncion was aware that her acts or omissions created a substantial risk of harm. Accordingly, Plaintiff's allegations do not provide Asuncion with fair notice of a failure to protect claim and the grounds upon which it rests.

In his first cause of action, Plaintiff recites the language of California Code of Regulations title 15, sections 3084.1(d), (id. at 26 ("'No reprisal shall be taken against an inmate . .. for filing an appeal.'") (emphasis added)), and 3160(a) ("Staff shall not in any way retaliate against or discipline any inmate for initiating or maintaining a lawsuit.'")). However, Plaintiff does not allege whether these procedures support his First Amendment claim or assert a separate state law claim for violation of these prison procedures. Plaintiff also fails to allege which defendants he brings a state law claim and the supporting facts for any such claim. Accordingly, the FAC does not provide defendants with fair notice of a state law

11

claim.

Plaintiff's vague and conclusory allegations are insufficient to state a section 1983 or state law claim. See Blantz v. Cal. Dep't of Corr. & Rehab., 727 F.3d 917, 925 (9th Cir. 2013) ("A complaint will not survive a motion to dismiss if it 'tenders naked assertions devoid of further factual enhancement.'") (citation omitted); Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012) ("Plaintiffs' 'bald' and 'conclusory' allegations are insufficient to establish individual liability under 42 U.S.C. § 1983."); Cook, 637 F.3d at 1004 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citations and internal quotation marks omitted). Accordingly, the FAC's failure to protect and state law claims must be DISMISSED with leave to amend for failure to comply with Rule 8.

**B.    The FAC Fails To Show Personal Participation By Asuncion**

Plaintiff sues Asuncion for unlawful retaliation and inadequate medical care. Plaintiff alleges that Asuncion retaliated against him "for engaging in his constitutionally protected conduct for utilizing the prison grievance process by filing 602 staff complaints, and for taking part in the 2015 special review of High Desert State Prison." (FAC at 26). Plaintiff further alleges that Asuncion, with Lee and Johnson, "all collectively[] denied Plaintiff his Eighth Amendment

right . . . in the form of deliberate indifference to a serious medical need." (Id. at 29).

Other than these conclusory allegations, the FAC does not contain any contentions regarding conduct by Asuncion that gives rise to a retaliation or inadequate medical care claim against her. To demonstrate a Section 1983 civil rights violation against a government official, a plaintiff must show either direct, personal participation or some other sufficient causal connection between the official's conduct and the alleged constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). A supervising officer personally has to have taken some action against the plaintiff or have "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted), overruled on other grounds by Ashcroft v. al Kidd, 563 U.S. 731 (2011). A government official may not be held liable for the unconstitutional conduct of a subordinate under a theory of respondeat superior. See Iqbal, 129 S. Ct. at 1948. Rather, "[s]upervisory liability [may be] imposed against a supervisory official in his individual capacity [only] for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." Preschooler II v. Clark County Bd. of Trustees, 479 F.3d 1175, 1183 (9th Cir. 2007).

13

In order to state a retaliation or inadequate medical claim care against Asincion, Plaintiff must allege either direct personal participation by Asuncion in the violation of his constitutional rights or some sufficient causal connection between Asuncion's conduct and the alleged constitutional violation. <u>Cf.</u> <u>Starr</u>, 652 F.3d at 1207. However, the FAC alleges neither. Instead, it alleges only that, with knowledge of Lee's and Johnson's "continued pattern of culpable failure[s]" and Plaintiff's hunger strike, Asuncion failed to "ma[k]e . . . reasonable attempt to remedy the problem." (FAC at 30).

Plaintiff has not established that Asuncion's failure to "remedy the problem" "set in motion a series of acts by others . . . which [s]he knew or reasonably should have known, would cause others to inflict the constitutional injury" on Plaintiff. <u>Cf.</u> <u>Larez</u>, 946 F.2d at 646 (internal quotations omitted). Moreover, the FAC alleges that Asuncion's failure "to remedy the problem" of either Plaintiff's inadequate medical care or Lee's and Johnson's retaliation occurred *after* Lee and Johnson allegedly engaged in a "continued pattern of culpable failure[s]." (FAC at 30). Thus, by Plaintiff's own allegations, Asuncion failed to remedy a *pre-existing* violation of Plaintiff's rights. (<u>Id.</u>). Consequently, Asuncion's omission could not have *caused* the constitutional injury in the first instance.[3]

---

[3] Plaintiff's inadequate medical care claim against Asuncion also fails because, as discussed below, Plaintiff has not stated a deliberate indifference to serious medical needs claim against Lee or Johnson. <u>See</u> <u>infra</u> § IV.E. Therefore, Plaintiff's derivative claim against Asuncion for failure to remedy the problem of Lee's and Johnson's inadequate medical care necessarily fails.

For these reasons, Plaintiff fails to allege facts that establish either Asuncion's personal involvement in the deprivation of Plaintiff's rights or some other sufficient causal connection. Accordingly, Plaintiff's retaliation and inadequate medical care claims against Asuncion must be DISMISSED with leave to amend.

## C. The FAC Fails To State A Section 1983 Claim For Injunctive Relief Against Asuncion

Plaintiff prays for the relief of "an injunction . . . warranting an exception to the Eleventh Amendment bar . . . allowing Plaintiff to proceed with claim against Warden Asuncion." (Id. at 31). Pursuant to the Eleventh Amendment, a state and its official arms are immune from suit under section 1983. Howlett v. Rose, 496 U.S. 356, 365 (1990); see also Brown v. Cal. Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"). "[A] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself," and state officials sued in their official capacity are generally entitled to immunity. Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (citation omitted). However, State officials sued in their *official* capacity, however, are considered "person[s]" when they are sued for prospective injunctive relief under section 1983, and the Eleventh Amendment does not bar such claims. Flint, 488 F.3d at 824-25 (citing Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)).

Here, Plaintiff seeks an injunction against Asuncion, the California Department of Corrections and Rehabilitation, and CSP-LAC's health care officials prohibiting further retaliation and mandating Plaintiff's medical treatment at no cost, placement in a single-inmate cell, and transfer to an alternative correctional facility. (FAC at 31-32). However, Plaintiff does not allege an official capacity claim against Asuncion and therefore, Plaintiff is not entitled to pursue a claim for prospective injunctive relief. Moreover, Plaintiff's individual capacity claim for injunctive relief against Asuncion also fails. Claims for injunctive relief against the state may not be brought against a state official in her individual capacity. An individual capacity suit "seek[s] to impose *personal* liability upon a government official for actions [s]he takes under color of state law," <u>Kentucky</u>, 473 U.S. at 165 (emphasis added), and it is money damages that are available from a defendant sued in her individual capacity. Plaintiff's claim for injunctive relief, however, seeks system-wide changes at the California Department of Corrections and CSP-LAC and is not directed at Asuncion in her individual capacity. Accordingly, Plaintiff's section 1983 claim for injunctive relief against Asuncion in her individual capacity must be DISMISSED with leave to amend.

//

//

//

16

**D.  The FAC Fails To State A Retaliation Claim Against Johnson[4]**

Plaintiff alleges that Johnson "deliberately and intentionally 'retaliated' against Plaintiff for engaging in his constitutionally protected conduct for utilizing the prison grievance process by filing 602 staff complaints, and for taking part in the 2015 special review of High Desert State Prison." (FAC at 26).  Plaintiff further alleges that Johnson laughed when Lee revealed Plaintiff's confidential medical information, (id. at 18), and that she laughed at and denied Plaintiff treatment for his swelling and pain in his foot and leg, (id. at 19).  These allegations do not satisfy the third element of a retaliation claim against Johnson.

To state a First Amendment retaliation claim, a plaintiff "[f]irst, . . . must allege that the retaliated-against conduct is protected." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005)). "Second, the plaintiff must claim the defendant took adverse action against the plaintiff.  The adverse action need not be an independent constitutional violation." Id. (citation omitted) (citing Rhodes, 408 F.3d at 568; Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." Id. "Fourth, the plaintiff must allege that the 'official's acts would chill or

---

[4]  The Court did not dismiss Plaintiff's retaliation claim against Lee in its initial order of dismissal. (Docket Entry No. 7 at 13).  Plaintiff re-pleads that claim in the FAC with allegations substantially similar to those in his original Complaint.  The FAC's retaliation claim against Lee survives dismissal for the same reasons that the Court previously held that the Complaint's retaliation claim against Lee may proceed. (Id.).

silence a person of ordinary firmness from future First Amendment activities.'" Id. (quoting Rhodes, 408 F.3d at 568); see also Rhodes, 408 F.3d at 562 (A plaintiff does not have to show that his speech was actually suppressed. A plaintiff's showing that his First Amendment rights were chilled, even if not "necessarily silenced," is enough to state a claim.); Watison, 668 F.3d at 1114 (if this "chilling effect" is not alleged, "[a plaintiff] may still state a claim if [the complaint] alleges he [or she] suffered some other harm,' that is 'more than minimal'") (quoting Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Rhodes, 408 F.3d at 568 n.11). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance [the] legitimate goals of the correctional institution.'" Watison, 668 F.3d at 1114 (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

The FAC alleges the protected conduct of filing staff complaints and participating in a federal investigation and adverse action by Johnson of denying Plaintiff medical care. The Court assumes that denying medical care for pain and swelling sufficiently severe to prevent an inmate from walking would be sufficient to silence a person of ordinary firmness. The Court also assumes that the denial of medical care did not advance legitimate correctional goals. The FAC, however, does not allege facts that, if true, establish a causal connection between Johnson's denial of medical care and Plaintiff's protected conduct.

Direct evidence of retaliatory intent rarely can be pleaded in a complaint. See id. at 1114. Allegations of a chronology of events

from which retaliation can be inferred, however, is sufficient to survive dismissal. Id.

Here, Plaintiff provides neither direct evidence nor a chronology of events indicative of retaliatory motive. Instead, the FAC only alleges the conclusion that Johnson "deliberately and intentionally 'retaliated' against Plaintiff for engaging in his constitutionally protected conduct." This conclusion alone – unaccompanied by any chronology of events or other facts giving rise to an inference that Johnson acted with a retaliatory motive – is not sufficient to state the necessary causal connection.

The FAC's allegations do not state a First Amendment claim against Johnson. Accordingly, Plaintiff's retaliation claim against Johnson must be DISMISSED with leave to amend.

**E.    The FAC Fails To State A Claim For Deliberate Indifference To Serious Medical Needs Against Lee And Johnson**

A defendant is liable for the delay or denial of a prisoner's medical care in violation of the Eighth Amendment only when deliberately indifferent to the prisoner's known serious medical needs. Farmer, 511 U.S. at 834; see also Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prisoner must show that the deprivation suffered was "objectively, sufficiently serious" and that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

19

A plaintiff can satisfy the objective component of the deliberate indifference standard by demonstrating that a failure to treat the plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted); accord McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). A plaintiff can satisfy the subjective component of the deliberate indifference standard by showing that a prison official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). A jail official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Here, Plaintiff alleges that he suffered from swelling and pain in his leg and foot that prohibited him from walking. He further alleges that he required corrective hip surgery. These conditions appear to satisfy the objective requirement that Plaintiff had a serious medical need.

Plaintiff, however, does not allege facts that, if true, satisfy the subjective component of the deliberate indifference standard. The FAC's Eighth Amendment claim against Lee and Johnson is substantially the same as the original Complaint's claim, which the Court dismissed for failure to state a claim. The Court expressly

ordered Plaintiff, in any amended complaint, to comply with the authorities discussed in the Court's order of dismissal. (Docket Entry No. 7 at 32). The Court further informed Plaintiff of the requirements necessary to satisfy the subjective component of the deliberate indifference standard. (Id. at 16-19). Plaintiff nonetheless filed an Eighth Amendment claim against Lee and Johnson that suffers from the same infirmities as his original claim.

Plaintiff alleges that, on January 14, 2016, Lee revealed Plaintiff's confidential medical information, refused to provide Plaintiff with a wheelchair, told Plaintiff to forget about his pain management medication, and threatened that Plaintiff's future medical requests would get "lost in the trash." Johnson laughed when Lee revealed Plaintiff's confidential medical information. In addition, Lee and Johnson refused to treat Plaintiff on January 29, 2016, despite swelling and pain in Plaintiff's foot and leg that prevented Plaintiff from walking. When Plaintiff complained about the lack of treatment, Johnson told Plaintiff that he should "suck it up and act like a man." She also laughed and gave Lee and other nurses "high fives. Then, on April 15, 2016, Lee informed Plaintiff that he would not recommend surgery because Plaintiff was a whistleblower and needed to be taught a "hard lesson." After Plaintiff received hip surgery, he did not receive post-operative physical therapy for at least 78 days, and he remains confined in a wheelchair.

These allegations do not establish that Lee and Johnson acted with deliberate indifference. First, while Plaintiff alleges that

21

Lee and Johnson refused to treat Plaintiff's swelling and pain on January 29, 2016, Plaintiff received a wheelchair five days later. Thus, the cause of Plaintiff's complaints – i.e., using a walker instead of a wheelchair to ambulate – was promptly eliminated. (FAC at 12, 13, 14, 29, 41). Plaintiff has not established that defendants were aware that the minimal delay of five days in receiving a wheelchair would result in excessive and serious risk to Plaintiff's health and safety. Moreover, the FAC itself alleges a risk of future harm, which further suggests that the short delay of five days posed no excessive or serious risk to Plaintiff's present health and safety. (_Id._ at 21 (alleging that the failure to treat "'pose[d] an unreasonable risk of serious damage to Plaintiff[']s _future_ health,'" and that "the damages _ha[ve] not yet occurred_") (emphasis added)).

Second, while Plaintiff alleges that Lee threatened not to recommend surgery, Plaintiff does not allege that Lee acted on this threat. Unfulfilled threats do not constitute an excessive and serious threat to an inmate's health and safety. In addition, Plaintiff received surgery four months after Lee allegedly threatened not to recommend it. On the facts alleged, a delay of four months alone is not indicative of an awareness of an excessive and serious risk to Plaintiff's health and safety.

Third, while Plaintiff alleges that Lee and Johnson failed to treat Plaintiff or provide him with pain medication on January 29, 2016, harm that arises from an isolated instance of neglect "militates against a finding of deliberate indifference." Jett v.

22

*Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. Plaintiff does not allege that Lee and Johnson failed repeatedly, or even on a second occasion, to treat Plaintiff. Compare McGuckin, 974 F.2d at 1060 (repeated failures to treat an inmate properly or a single egregious instance "strongly suggests" that the defendant acted with deliberate indifference). Moreover, "mere malpractice, or even gross negligence," in the provision of medical care does not establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); see also Estelle, 429 U.S. at 105-06 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

Fourth, while Plaintiff alleges that he received no physical therapy for 78 days after his hip surgery and remains unable to walk, Plaintiff does not allege that Lee and Johnson were responsible for his lack of physical therapy. Further, Plaintiff does not allege that they were aware that withholding or delaying physical therapy for 78 days posed a serious and excessive risk of harm to Plaintiff or that their conduct amounted to anything more than medical negligence. Cf. Wood, 900 F.3d at 1334.

Finally, while Plaintiff alleges that Johnson made jokes at Plaintiff's expense and told him to "act like a man," unprofessional comments do not give rise to a claim of deliberate indifference. Johnson's unprofessionalism does not establish that she was aware

that denying treatment to Plaintiff on one occasion posed a substantial risk of serious harm.

For these reasons, Plaintiff has failed to allege that defendants acted with deliberate indifference to his medical needs. Accordingly, Plaintiff's Eighth Amendment claims against Lee and Johnson must be DISMISSED with leave to amend. If Plaintiff wishes to pursue an Eighth Amendment claim against Lee or Johnson in any amended complaint, he must allege facts that establish that defendants acted with the requisite deliberate indifference.

**ORDER**

For the reasons stated above, Plaintiff's FAC is DISMISSED-IN-PART with leave to amend.

If Plaintiff wishes to further pursue the claims dismissed in this action, he must file a Second Amended Complaint no later than **30 days from the date of this Order. The Second Amended Complaint must cure the pleading defects discussed above and shall be complete in itself without reference to the original Complaint or FAC. See L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the FAC again.**

In any amended complaint, Plaintiff should identify the nature of each separate legal claim, identify the defendant(s) against whom

24

he brings the claim, and confine his allegations to those operative facts supporting each of his claims. Pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." However, Plaintiff is advised that the allegations in the Second Amended Complaint should be consistent with the authorities discussed above. In addition, the Second Amended Complaint may not include new defendants or claims not reasonably related to the allegations in the previously-filed complaints. Furthermore, Plaintiff shall indicate in what capacity he sues any defendant(s). **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, may result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute and/or failure to comply with court orders. <u>See</u> Fed. R. Civ. P. 41(b).**

//

//

//

1       Plaintiff is further advised that if he no longer wishes to

2  pursue this action in its entirety or with respect to particular

3  defendants or claims, he may voluntarily dismiss all or any part of

4  this action by filing a Notice of Dismissal in accordance with

5  Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal

6  is attached for Plaintiff's convenience.

7

8  IT IS SO ORDERED.

9

10 Dated: June 27, 2017

11

12                                    _____/s/_____
                                            ALKA SAGAR
13                                    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28